UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LAWRENCE L. CRAWFORD et al.                                             PETITIONERS

v.                                                      CIVIL ACTION NO. 3:08-CV-P590-S

STATE OF KENTUCKY et al.                                                RESPONDENTS

### MEMORANDUM OPINION

Petitioner, Lawrence L. Crawford, filed this action citing 28 U.S.C. § 2241 and § 2254 seeking a writ of habeas corpus (DN 1). Petitioner Crawford is incarcerated in the Leiber Corrections Institution in South Carolina. Three other persons are listed as petitioners on the petition: Edgar Castro, Carnell Davis, and Jonathon Williams. Several other signatures appear on the petition, although none of them appear to be Mssrs. Castro, Davis or Williams. Additionally, the petition states it is being filed as a class action, referencing "thousands of inmates in 33 states including Kentucky." The Respondents are listed as the States of Kentucky, New Jersey, North Carolina, Ohio, South Carolina, and Georgia.

The petition states that it seeks the release of all inmates under state custody in New Jersey, South Carolina, North Carolina, New York, Georgia, Florida, Kentucky, Illinois and the other states "that adopt the federal provisions and use of an indictment via their state constitutions." The petition further states that it is being brought as a diversity-jurisdiction, class-action, writ-of-habeas-corpus proceeding. The petition further asserts that there is diversity jurisdiction and that the case may be filed in any of the 33 states referenced in the petition. The basis of the petition appears to be legal issues regarding "supposed religious prophecy." Petitioner Crawford states that this Court should obtain copies of documents filed in other district courts for review.

This matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] On review, the Court will dismiss for lack of jurisdiction.

Under § 2241(c)(3), an individual may obtain habeas corpus relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." Under § 2254, an individual may obtain habeas corpus relief if he is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The analysis of Petitioners' claims remains the same under either statute. Under both statutes, the proper venue lies in the district in which the petitioner is in custody, and the proper respondent is the petitioner's custodian. A § 2241 action must be brought in the district where the petitioner is incarcerated. *Wright v. United States Bd. of Parole*, 557 F.2d 74, 76-77 (6th Cir. 1977); *see Becker v. Mukasey*, No. 3:08-28-DCR, 2008 WL 2717774, at *1 (E.D. Ky. July 11, 2008) ("Under the Antiterrorism and Effective Death Penalty Act, this Court lacks jurisdiction over [Petitioner's] habeas claims, as he was not convicted by a state court within this district or in custody within the district."). It appears from the petition that all four Petitioners are presently incarcerated in the State of South Carolina based on convictions and sentences occurring in that state. Therefore, none of the four named Petitioners are within the jurisdiction of this Court.[2]

---

[1] Rule 4 provides that unless "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, . . . . the judge must order the respondent to file an answer, motion, or other response . . . ."

[2] The Court notes that these same four petitioners brought a nearly identical action in the district court for the Northern District of New York. *Crawford v. New York*, No. 08-CV-1287, 2009 WL 396308

Because this Court lacks jurisdiction as to the four named Petitioners, jurisdiction in this district will lie only if Petitioners' assertion of a class action on behalf of individuals incarcerated in this district affords a basis for relief. In certain circumstances, a class action seeking habeas corpus relief may be appropriate. *See Walker v. Hughes*, 558 F.2d 1247 (6th Cir. 1977). Here, however, there is no reasonable likelihood that a class action will be certified. The putative class is spread out over multiple states with different laws and individual circumstances. The named Petitioners have no apparent connection to Kentucky or to individuals incarcerated in this state or district. The claims asserted are based on religious "prophecy," which is too general to permit definition of a legally sufficient class. Thus, among other fatal problems with the petition, the petition fails to assert any basis for habeas jurisdiction under either §§ 2241 or 2254.

Therefore, by separate Order, the Court will dismiss the instant petition.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

---

(N.D. N.Y. Feb. 17, 2009).

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:



cc: Petitioners, *pro se*

4411.009